CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No.: 7:16-cr-21 |
| | : |
| MACK DANIEL BARTON | : Violations: |
| | : |
| | : 21 U.S.C. § 841(a)(1) |
| | : 18 U.S.C. § 924(c) |
| | : 18 U.S.C. § 922(g)(1) |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about October 16, 2015, in the Western District of Virginia, and elsewhere, the defendant, MACK DANIEL BARTON, knowingly and intentionally possessed with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

### COUNT TWO

The Grand Jury charges that:

1. On or about October 16, 2015, in the Western District of Virginia, and elsewhere, the defendant, MACK DANIEL BARTON, did knowingly possess a firearm, to wit: a North American Arms Inc., Model NAA 22, .22 caliber revolver, in furtherance

of a drug trafficking crime for which may be prosecuted in a Court of the United States, as set forth in Count One of the Indictment.

2. All in violation of Title 18, United States Code, Sections 924(c).

## COUNT THREE

The Grand Jury charges that:

1. On or about October 16, 2015, in the Western District of Virginia, and elsewhere, the defendant, MACK DANIEL BARTON, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, that being, a North American Arms Inc., Model NAA 22, .22 caliber revolver, and ammunition, in and affecting interstate or foreign commerce.

2. All in violation of Title 18, United States Code, Section 922(g)(1).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any interest in, claims against, and property or contractual rights affording a source of control over, the said continuing criminal enterprise, pursuant to 21 U.S.C. § 853(a)(3).

   d. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. §

881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

e. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Money Judgment**

   An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

   b. **Firearms/Ammunition**

   1. North American Arms Inc., Model NAA 22, .22 caliber revolver, Serial No. L078936
   3. Associated ammunition

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A True Bill this 15th day of April, 2016.

                                                    __*s/Grand Jury Foreperson*__
                                                    FOREPERSON

_____
JOHN P. FISHWICK, JR.
UNITED STATES ATTORNEY