IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:16-CR-47 |
| | ) | 7:16-CR-21 |
| v. | ) | |
| | ) | |
| | ) | By: Michael F. Urbanski |
| MACK DANIEL BARTON, | ) | Chief United States District Judge |
| Defendant-Petitioner | ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Mack Daniel Barton's third pro se motion for compassionate release filed on April 21, 2022. Mot., ECF No. 29 in Case No. 7:16-CR-47.[1] Counsel for Barton provided a supplement to Barton's motion on June 6, 2022. ECF No. 33 in Case No. 7:16-CR-47; ECF No. 38 in Case No. 7:16-CR-21. The government responded in opposition to the motion on July 5, 2022. ECF No. 34 in Case No. 7:16-CR-47. Barton supplemented his pro se motion on December 12, 2022. ECF No. 37 in Case No. 7:16-CR-47; ECF No. 39 in Case No. 7:16-CR-21. For the reasons stated herein, the court will **DENY** Barton's motion for compassionate release.

I.

On October 13, 2016, Barton was sentenced to 144 months in prison for possessing with intent to distribute 50 grams or more of methamphetamine and possessing a firearm in furtherance of a drug trafficking crime. United States v. Barton, No. 7:16-cr-00021 (W.D. Va.

---

[1] Barton is serving one sentence for his conviction in United States v. Barton, No. 7:16-CR-00021 (W.D. Va. Oct. 14, 2016), and a consecutive sentence for revocation of supervised release in United States v. Barton, No. 7:16-CR-47 (W.D. Va. Oct. 14, 2016). Some of his compassionate release pleadings were filed only in Case No. 7:16-CR-47, and some were filed in both cases.

Oct. 14, 2016), at ECF No. 33. Barton committed the offense while he was serving a term of supervised release. In a separate criminal proceeding, the court sentenced Barton to 24 months, to be served consecutively to the 144-month term of imprisonment, for violating the terms of supervised release. United States v. Barton, No. 7:16-CR-47 (W.D. Va. Oct. 14, 2016), at ECF No. 7. Barton currently is housed at Federal Correctional Institution Butner and has a projected released date of December 15, 2027.[2]

II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Barton's request for compassionate release requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and

---

[2] See Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last viewed June 13, 2023) (search "Mack Daniel Barton").

2

compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Barton submitted a request for compassionate release to the warden of his facility on March 22, 2022, ECF No. 29-1 in Case No. 7:16-CR-47, and filed his motion for compassionate release 30 days later. The government does not contest that Barton has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Barton has satisfied the statute's exhaustion requirements.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The United States Sentencing Commission Guidelines Manual ("USSG") § 1B1.13 policy statement provides that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the Bureau of Prisons ("BOP") for "other reasons" than, or in combination with, those described in Application

3

Notes (A)–(C). The court notes that this policy statement, while governing only for BOP-filed motions for compassionate release, "remains helpful guidance even when motions are filed by defendants." United States v. McCoy, 981 F.3d 271, 280–84, 282 n.7 (4th Cir. 2020).

Barton asserts two grounds for compassionate release. He first alleges he is at an increased risk of serious illness or death if he contracts COVID-19. He also alleges that he suffers from end-stage organ disease, which he claims is reason in and of itself to reduce his sentence.

### A. COVID-19

During the COVID-19 pandemic, this court found extraordinary and compelling reasons for compassionate release when an inmate showed both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. But the assessment of compassionate release claims based on COVID-19 changed with the advent of vaccines against the disease. According to the Centers for Disease Control and Prevention, all approved vaccines "are safe and effective at protecting people from getting seriously ill, being hospitalized, and dying," and "offer added protection to people who had COVID-19, including protection against being hospitalized from a new infection."[3]

Barton's medical records indicate that he suffers from obesity, hypertension, and diabetes. Medical Rs., ECF No. 29-2 at 2-5 in Case No. 7:16-CR-47. In addition, Barton has been diagnosed with an enlarged spleen and an atrophic pancreas with no definite mass. Id. at 5. Barton has received three doses of the Moderna COVID-19 vaccine and is fully vaccinated.

---

[3] See Ctrs. for Disease Control and Prevention, Benefits of Getting A COVID-19 Vaccine, (updated May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last viewed June 13, 2023).

4


Medical Rs., ECF No. 26-2, at 1–3 and ECF No. 34-2 in Case No. 7:16-CR-47. Even though he is fully vaccinated, Barton contends that his health conditions and susceptibility to COVID-19 rise to the level of an extraordinary and compelling reason for a sentence reduction. Suppl. Mot., ECF No. 37 at 6–8 in Case No. 7:16-CR-47.

However, because Barton has been vaccinated against COVID-19, he cannot show that he has a particularized risk of contracting the disease. "'[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.'" United States v. Torres, D.S.C. No. CR 3:18-282-MGL-2, 2023 WL 2976180, at *3 (D.S.C. Apr. 17, 2023) (quoting United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021)). See also United States v. Evans, No. 4:04-cr-00140-TLW, 2022 WL 286190 at *3 (D.S.C. Jan. 31, 2022) (finding defendant with diabetes mellitus could not show an extraordinary and compelling reason for compassionate release because he had been vaccinated against COVID-19); and United States v. Smith, No. 3:15cr101, 2021 WL 3641463 at *3 (E.D. Va. Aug. 17, 2021) (citing to publications from the Centers for Disease Control and Prevention that "the Moderna vaccine is 94.1% effective at preventing illness from COVID-19.")

In addition, Federal Correctional Institution Butner, where Barton is housed, currently has only one case of COVID-19 in the facility, which houses 4,096 inmates.[4] The lack of COVID-19 at the facility supports the conclusion that Barton is not at risk for contracting COVID-19 and that the measures taken at FCI Butner are appropriate to deter potential infection in the future. For these reasons, Barton has not demonstrated that his health

---

[4] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed June 13, 2023).

5

concerns are sufficiently extraordinary or compelling to warrant any sentence reduction under 18 U.S.C. § 3582(c). See United States v. Barcliff, No. 2:14-cr-00003, 2023 WL 3066140, at *3 (S.D.W.V. Apr. 24, 2023) (finding that even if inmate's obesity might increase his risk of experiencing serious illness should he contract COVID-19, he could not show a particularized risk when there were zero cases of COVID-19 at his facility); United States v. Trapp, No. 1:19CR54-1, 2023 WL 2978941 at *3 (N.D.W.V. Apr. 17, 2023) (concluding that even though inmate had risk factors of diabetes and hypertension, his conditions were well-treated and there were zero cases of COVID-19 at his facility, making his risk of exposure negligible); United States v. Stewart, No. 3:15cr13, 2022 WL 2070616, at *3 (E.D. Va. June 8, 2022) (finding that the combination of the effectiveness of the vaccine, the high rate of vaccination at inmate's facility, and low number of active COVID-19 cases at facility indicated inmate was not at particularized risk for contracting COVID-19). Accordingly, Barton fails to demonstrate an extraordinary and compelling reason for compassionate release based on the concern of contracting COVID-19 and the court must **DENY** his motion.

### B. Other Medical Conditions

Barton alleges he suffers from end-stage organ disease, specifically "acute pancreatitis" and a "malfunctioning/diseased spleen." Barton further alleges that the treating physician recommended "the total removal of Barton's pancreas and undergo a splenectomy." ECF No. 29 at 5 in Case No. 7:16-CR-47. Barton believes his medical conditions create an extraordinary and compelling circumstance that entitles him to a reduced sentence under USSG § 1B1.13, comment. (n.1) (identifying end-stage organ disease as an example of terminal illness). However, although Barton claims he suffers from end-stage organ disease, and that doctors

6

have recommended removal of his spleen and pancreas, a review of the medical records found no mention of end-stage organ disease. ECF No. 34-1 in Case No. 7:16-CR-47. And while a CT scan showed splenomegaly and an atrophic pancreas, the records do not indicate that surgery is anticipated. ECF No. 34-1 at 1 in Case No. 7:16-CR-47. Accordingly, because there is no diagnosis of end-stage organ disease in Barton's medical records, he cannot show that he is entitled to compassionate release under USSG § 1B1.13 comment. (n.1).

Inmates also can sometimes show that they are entitled to a sentence reduction when, because of their medical conditions, "continuing detention in BOP custody poses an unacceptable risk to . . . health and life," United States v. Beck, 425 F. Supp. 3d 573, 583 (M.D.N.C. 2019), or that their medical conditions significantly reduce their survival rate. United States v. Smith, 464 F. Supp. 3d 1009, 1019—20 (N.D. Iowa 2020). In Smith, the court noted that people with stage IIIA non-small cell lung cancer have an overall survival rate of 25 percent and found that "Smith's lung cancer, along with his other medical conditions, could constitute extraordinary and compelling reasons, even without considering the COVID-19 pandemic." Id.

Inmates also may show that remaining in BOP custody may reduce their chance of survival if they are not being adequately treated. See id. ("Smith's medical records suggest that the BOP delayed in diagnosing and treating Smith by more than a year and that treatment thus far has been unsuccessful"); Beck, 425 F. Supp. 3d at 588 (determining that Beck's invasive cancer and BOP's untimely treatment which significantly reduced her chances of survival qualified as extraordinary and compelling reasons for a sentence reduction).

Barton claims that removal of his spleen and pancreas will put him in an immunocompromised state, reducing his chances of survival. ECF No. 29 at 5 in Case No. 7:16-CR-47. However, as noted, there is no indication in the medical records that Barton is immunocompromised or that surgery has occurred or is anticipated. ECF No. 34-1 in Case No. 7:16-CR-47. In addition, the BOP has provided Barton with treatment by providing medications, regular examinations, and physical therapy for several of his medical conditions. See, e.g., Case No. 7:16-CR-47 at ECF No. 34-1 at 1 (notes from visit regarding gastrointestinal issues); 5–7 (evaluation for complaints of right shoulder pain); 8 (notes from physical therapy visit for left hip pain); 13 (notes from mental health visit); 297–98 (notes from outpatient visit to gastroenterologist for follow up of peptic ulcer disease and gastroesophageal reflux disease). Barton has not shown that the BOP is failing to treat any medical conditions caused by his having an atrophic pancreas or enlarged spleen.

Based on the medical records, Barton cannot show that the BOP has failed to treat his medical conditions or that remaining in BOP custody reduces his chances of survival or poses an unacceptable risk to his health and life. Therefore, Barton has not shown that his splenomegaly and atrophic pancreas are medical conditions that rise to the level of an extraordinary and compelling reason warranting compassionate release.

Because the court finds that Barton has not shown an extraordinary and compelling reason warranting compassionate release, it will not discuss the § 3553(a) factors.

### III.

For the reasons stated, the court is unable to find that Barton's medical conditions warrant compassionate release. Accordingly, the court **DENIES** Barton's motion for

compassionate release, ECF Nos. 29, 33, and 37 in Case No. 7:16-CR-47, and ECF Nos. 38, and 39 in Case No. 7:16-CR-21. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Barton.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 23, 2023

Michael F. Urbanski
Chief United States District Judge